**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE MUNOZ JUAREZ,<br><br>                              Petitioner,<br><br>     v.<br><br>JEREMY CASEY, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-00827-BAS-BJW<br><br>**ORDER:**<br><br>**(1) REQUIRING THE GOVERNMENT TO RESPOND TO PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1);**<br><br>**(2) SETTING BRIEFING SCHEDULE ON MOTION FOR INJUNCTIVE RELIEF (ECF No. 2); AND**<br><br>**(3) PROVIDING NOTICE UNDER RULE 65(a)(2)** |

Petitioner Jorge Munoz Juarez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner alleges he is being detained by Immigration and Customs Enforcement in violation of the Fifth Amendment and the immigration laws. (*Id.*)  Petitioner also alleges he is a member of the class certified in the Central District's decision in *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

- 1 -

26cv0827

In addition, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order ("Motion for Injunctive Relief").  (ECF No. 2.)  Petitioner asks the Court to order immediate release or a bond hearing within a fixed time period.  (*Id.*)

Having reviewed the Petition, the Court finds that summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.").  Therefore, the Court will order the Government to respond to the Petition.

Turning to the Motion for Injunctive Relief, the Court denies the *ex parte* request for a temporary restraining order.  *See* Fed. R. Civ. P. 65(b).  "While temporary restraining orders may be heard in true *ex parte* fashion (i.e., without notice to an opposing party), the Court will do so only in extraordinary circumstances. The Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to file an opposition."  Standing Order for Civil Cases § 9; *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (discussing *ex parte* temporary restraining orders and their "stringent restrictions"); *accord Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (same).  Thus, the Court will instead consider the Motion for Injunctive Relief under Rule 65(a) and provide the Government with an opportunity to respond.

Finally, the Court provides notice to the parties that it intends to consolidate the Motion for Injunctive Relief with a determination on the merits under Rule 65(a)(2).  *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear and unambiguous notice").  Accordingly, the Court **ORDERS** as follows:

1.    The Government must file a response to the Petition and the Motion for Injunctive Relief no later than **February 18, 2026**.  The Government's response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised in the Petition.

26cv0827

2.      Petitioner may file a reply in support of his Petition and the Motion for Injunctive Relief no later than **February 25, 2026**.

3.      The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition (ECF No. 1), the Motion for Injunctive Relief (ECF No. 2), and this Order.

**IT IS SO ORDERED.**

**DATED: February 11, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv0827