# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MUNOZ JUAREZ,<br><br>                    Petitioner,<br><br>  v.<br><br>JEREMY CASEY, *et al.*,<br><br>                    Respondents. | Case No. 26-cv-00827-BAS-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>**(2) DENYING AS MOOT MOTION FOR INJUNCTIVE RELIEF (ECF No. 2)** |

      Petitioner Jorge Munoz Juarez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly denied a bond hearing. (ECF No. 1.) He requests that he be granted a bond hearing within 7 days. (*Id.*) He simultaneously filed an *Ex Parte* Emergency Temporary Restraining Order ("TRO") with the same request. (ECF No. 2.) The Court denied the *ex parte* TRO but instead indicated it would consider a Motion for Injunctive Relief under Rule 65(a). (ECF No. 3.) The Court ordered briefing on the Petition, providing notice to the parties that it intended to consolidate the Motion for Injunctive Relief with a determination on the merits under Rule 65(a)(2). (*Id.*)

The Government filed a Response to the Petition, agreeing with Petitioner and acknowledging that "Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 5.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 7 days.  In light of this Order, the Court finds the request for a TRO (ECF No. 2) to be **MOOT.**

## I.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   STATEMENT OF FACTS

Immigration and Customs Enforcement ("ICE") detained Petitioner on December 7, 2025.  (ECF No. 1 ¶ 4.)  He had entered the United States without inspection nearly thirty years ago and was not apprehended upon arrival. (*Id.* ¶ 4b.)  An Immigration Judge has denied Petitioner a bond hearing pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id.* ¶ 6.)  Petitioner requests that he be granted a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.  (ECF No. 1.)

## III.   ANALYSIS

The Central District of California has certified a class of which Petitioner is a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).  This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section

1225.  *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).  Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** a bond hearing before an Immigration Judge for Jorge Munoz-Juarez (A# 246-057-157) within 7 days of the date of this Order.  The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2).  If no bond hearing is held within 7 days, Petitioner is ordered released forthwith.

The Court further **DENIES** the Motion for a Temporary Restraining Order (ECF No. 2) as **MOOT**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: February 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**